State ex rel. Gaiser vs. Judge.

## No. 11,330.

### STATE EX REL. WILLIAM GAISER VS. FRED. D. KING, JUDGE.

The courts have power to appoint receivers of corporations whenever necessary to preserve the interest of all concerned, and those who have ratified the appointment can not recall their consent, and in *ex parte* proceeding prosecute a suspensive appeal from the order appointing the receiver.

The order appointing the receiver in effect sustains the *status quo* of the corporation, and was issued to prevent instead of to cause injury.

Should it become apparent that the injury is actual or threatening, the appeal will be allowed upon proper application.

The writ prayed for to compel the district judge to grant a suspensive appeal is refused.

APPLICATION for *Mandamus* and Prohibition.

*Henry P. Dart* and *F. B. Thomas* for the Relator.

*Horace E. Upton* and *Lazarus, Moore & Luce* contra.

The opinion of the court was delivered by

BREAUX, J. The Algiers Brewing Company is a corporation organized under the general incorporation laws of the State.

There exists against it mortgages and unsecured debts in an amount in excess of its assets.

It is alleged that the management was characterized by waste, extravagance and recklessness; that the mortgage bonds of the company were sold by the company at the rate of fifty cents on the dollar, in accordance with a combination entered into between the management of the company and certain persons named; that there are a number of suits pending against it, and the entire plant was under seizure in the suit of August Borman vs. The Algiers Brewing Company, to satisfy a debt of $333.35, and advertised for sale, and that part of the machinery had been sequestered; also.a number of mules of the company. That members of the board of directors, acting with certain stockholders, had combined and conspired to obtain possession of the entire plant in settlement of bonded indebtedness under consent proceedings to be instituted in another court.

The Lafayette Bank of St. Louis filed in the court *a qua* a suit for the appointment of a receiver to the Algiers Brewing Company.

The district judge in appointing the receiver, on the application made, states, as reason, that the sale of an important part of the machinery necessary to conduct the business of the brewery will operate to the injury of all concerned.

That it is a proper case for the exercise of the equitable powers of the court in the interest of all the creditors.

And he directed the receiver to take charge of the property; to inventory it, and report to the court, within ten days, the property owned by the company, together with an appraisement; that he take oath to discharge the duties required and furnish bond in a stated amount.

The sheriff was directed to suspend the sale under the execution issued until the further orders of the court; the receiver was authorized to take possession of the property seized and of the property sequestered, without prejudice to the rights of the respective plaintiffs, and to retain possession until the further order of court.

In support of his action in issuing the above order, the respondent returns that the Lafayette Bank of St. Louis filed in the court over which he presides, in the suit of that bank against the Algiers Brewing Company, a certified copy of the bill of the Tinker & Smith Malting Company vs. Algiers Brewing Company, praying for the appointment of a receiver by the. Federal court, which bill was verified by the oath of their solicitor, together with the resolution of the Algiers Brewing Company passed on the 20th of August, 1893, at a meeting at which the relator, as a director of the company, was present and voted for the appointment of a receiver.

Demonstrating the absolute necessity, advisability and prudence of the appointment of a receiver for the administration of the affairs of that brewing company, the solicitor in the answer before that court alleged, "for further answer respondent says that it believes the true interest of all the creditors, secured and unsecured, as well as the stockholders of said company, requires the appointment of a receiver."

That subsequently the board of directors of the Algiers Brewing Company adopted a resolution recognizing the necessity for the appointment of a receiver and approved the appointment that had been made by the respondent. The relator as a director took part in the meeting and voted for the approval as adopted by the board.

A creditor for a large amount and several bondholders intervened and opposed the relief sought.

The respondent further returns that the attorneys for relator applied for a suspensive appeal from the judgment rendered August 29, and from all other decrees and orders entered.

That he refused to grant an appeal because the orders rendered did not occasion irreparable injury; that there is no law authorizing such an appeal; that the mover for the appeal was a member of the board of directors of the company and approved the appointment.

The respondent also states that on the same day the Algiers Brewing Company offered to have spread on the minutes of the court what purported to be a copy of a resolution of the board of directors of the company revoking the action of the board of 31st August, 1893, approving the appointment of a receiver.

The court declined to permit the filing of this copy and states as ground for refusal that if there is any error in the order appointing a receiver, the proper mode of procedure is that pointed out in 43 An., Hackett vs. Creditors; that is, to move for the rescinding of the appointment ordering a receiver, and then the resolution of the board of directors complained of can be offered in evidence and the court's action obtained. The relator also returns that, if the charges be true that the resolution of the 31st August, 1893, approving the appointment of a. receiver, was the result of a surprise, deception or misinformation, and it constitutes a cause for the annulment of the orders issued, they could have been rescinded and annulled on motion to that effect and after trial contradictorily with all parties in interest.

That he suggested and invited from the bench such a course, and assured counsel for relator that he would make such a rule returnable within the shortest possible delay.

The respondent denies that the action of the board of directors is *ultra vires*, or that whether *ultra vires* or not depends upon a question of fact, that is the charter, which fact can only be determined after evidence taken contradictorily with the parties in interest, which course the relator refused to follow.

In litigation pending before the court a *qua*, that tribunal became impressed with the necessity of maintaining the *status quo* of the Algiers Brewing Company during the trial of issues over which it had jurisdiction.

State ex rel. Gaiser vs Judge.

The strongest possible allegations, verified by oath, had been made against the management, and interested parties had expressed apprehension, in legal form, of irreparable and unavoidable loss, if action was not taken to prevent it.

Thereupon the court issued orders in effect judicially sequestering the property and placing it in the hands of a receiver.

They are specific and guarded.

The receiver was made to qualify and give a bond in an amount the court deemed sufficient.

He was directed to appraise the property and make an inventory, and a time was stated for his return.

He was specially enjoined not to sell any property and was charged with administering the affairs of the corporation in the interest of all concerned.

These legal steps, at first, met with the approval of the relator.

Subsequently, after preliminaries toward administering the affairs of the company had not only been taken, but had become accomplished facts, the receiver had qualified, was in possession and administering under the orders of the court, the relator appeared in court and moved for a suspensive appeal.

The effect of this appeal will be to set aside all that has been done and revoke, for the time being at least, all that was sought by the order.

There is no injury possible, either immediate or remote, such as the law contemplates in order to give a right of appeal.

If the court's authority be sustained there can not be any disposition made of the property in violation of law, and without an effective remedy.

The possibility of irreparable injury was the moving cause in obtaining the court's order.

The relator, who joined in the proceedings to that end, can not *ex parte* be heard to set proceedings aside by a suspensive appeal on motion without notice to other interested parties, especially as we do not discover that in the proceeding to prevent irreparable loss an irreparable loss is threatened which gives the moving party a right to a suspensive appeal.

We confine our decision to the question of irreparable injury and determine nothing further than that there is not in the case as presented an irreparable injury authorizing an appeal at this time.

8

Should it be made apparent hereafter that there is such injury, either actual or threatening, the appeal will be allowed upon proper application for an appeal.

It is therefore ordered and decreed that the restraining order herein granted be set aside, and that the relief prayed for be refused at relator's costs.